UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

OSCAR IZQUIERDO,    Case No. 17-22502-AJC
                   Chapter 7
　　　　Debtor.
_____/

**TRUSTEE'S MOTION TO APPROVE**
**STIPULATION TO COMPROMISE CONTROVERSY**

**Any interested party who fails to file and serve a written response to this Motion within 21 days after the date of service stated in this Motion shall, pursuant to Local Rule 9013-1(D), be deemed to have consented to the entry of an order in the form attached to this Motion. Any scheduled hearing may then be canceled.**

MARCIA T. DUNN, as Chapter 7 Trustee for the above-captioned bankruptcy estate (the "Trustee"), pursuant to Federal Rule of Bankruptcy Procedure 9019 and Local Rule 9013-1(D), files this *Motion to Approve Stipulation to Compromise Controversy* (the "Motion"), and in support thereof, states as follows:

**Background**

1. On October 16, 2017 (the Petition Date"), OSCAR IZQUIERDO (the "Debtor"), commenced the instant bankruptcy case with the filing of a voluntary petition under Chapter 7, Title 11 of the United States Bankruptcy Code. Marcia T. Dunn is the duly appointed Chapter 7 Trustee.

2. The Trustee has evaluated the Debtor's assets, scheduled valuations, and claimed exemptions and determined that the resolution agreed upon with the Debtor is in the best interests

of the Estate. The details of the agreement are set forth in the Stipulation to Compromise Controversy (the "Stipulation"), attached hereto as **Exhibit "A."**

3. Pursuant to the terms of the Stipulation, the Debtor has agreed to pay, and the Trustee has agreed to accept **$2,700.00** (Two Thousand, Seven Hundred and 00/100 Dollars) (the "Settlement Amount")[1], to be paid in one (1) lump sum payment on or before May 1, 2018.

4. The Stipulation contains additional terms and conditions, including, but not limited to, default provisions.

## Legal Standard for Settlement

5. Bankruptcy Rule 9019(a) provides: "On motion . . . and after a hearing on notice to creditors, the debtor . . . and to such other entities as the court may designate, the court may approve a compromise or settlement."[2]

6. As this Court has previously found, "approval of a settlement in a bankruptcy proceeding is within the sound discretion of the Court, and will not be disturbed or modified on appeal unless approval or disapproval is an abuse of discretion." *In re Arrow Air, Inc.*, 85 B.R. 886, 891 (Bankr. S.D. Fla. 1988) (Cristol, J.) (citing *Rivercity v. Herpel (In re Jackson Brewing Co.)*, 624 F.2d 599, 602-03 (5th Cir. 1980); *Anaconda-Ericsson, Inc. v. Hessen (In re Teltronics Servs., Inc.)*, 762 F.2d 185, 189 (2d Cir. 1985); *In re Prudence Co.*, 98 F.2d 559 (2d Cir. 1938), cert. denied sub nom. *Stein v. McGrath*, 306 U.S. 636 (1939)). 185, 189 (2d Cir. 1985); *In re Prudence Co.*, 98 F.2d 559 (2d Cir. 1938), cert. denied sub nom. *Stein v. McGrath*, 306 U.S. 636 (1939)).

---

[1] The settlement allocations are as follows: (a) $500.00 is allocated to the Household Goods; (b) $500.00 is allocated to the Electronics; (c) $1,000.00 is allocated to the Accident Claim; and; (d) $700.00 is allocated the Tax Refund.

[2] Rule 9013-1(D) of the Local Bankruptcy Rules for the Bankruptcy Court for Southern District of Florida permits, inter alia, relief without a hearing for motions to approve settlement.

7.  The test is whether the proposed settlement "falls below the 'lowest point in the range of reasonableness.'" *Arrow Air*, 85 Bankr. 891 (quoting *Teltronics Servs.*, 762 F.2d 189; *Cosoff v. Rodman (In re W.T. Grant Co.)*, 699 F.2d 599, 608 (2d Cir.), cert. denied, 464 U.S. 822 (1983)).

8.  According to the United States Eleventh Circuit Court of Appeals, when a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider:

    a.  the probability of success in the litigation;

    b.  the difficulties, if any, to be encountered in the matter of collection;

    c.  the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

    d.  the paramount interest of the creditors and a proper deference to their reasonable views in the premises.

*Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II. Ltd.)*, 898 F.2d 1544 (11th Cir. 1990). *See Jackson Brewing*, 624 F.2d 602, quoted in *Arrow Air*, 85 B.R. 891.

9.  The Trustee believes that the proposed settlement meets the standards set forth in *In re Justice Oaks II*, and therefore, recommends approval of the settlement because it is fair and reasonable, falls within the reasonable range of possible litigation outcomes, and is in the best interest of the Estate because full settlement precludes any risks associated with litigation and collection in this matter, increases the dividend available to creditors, and allows for a distribution of sums and proceeds within a reasonable time.

10. Pursuant to Local Rule 9013-1(D), a copy of the proposed Order is attached hereto as **Exhibit "B."**

**WHEREFORE**, Marcia T. Dunn, as Chapter 7 Trustee of the Bankruptcy Estate of Oscar Izquierdo, respectfully requests this Honorable Court enter an Order: (1) granting the instant Motion; (2) approving the Stipulation; and (3) granting such other and further relief as this Court deems just and proper.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished on March 30, 2018, to the parties who are currently on the list to receive e-mail notice/service for this case, and via U.S. Mail to all interested parties on the attached service list.

Respectfully submitted,

**DUNN LAW, P.A.**
*Counsel for Marcia T. Dunn, Chapter 7 Trustee*
555 Northeast 15th Street
Suite 934-A
Miami, Florida  33132-1451
Tel: 786-433-3866
Fax: 786-260-0269
michael.dunn@dunnlawpa.com

By: */s/ Michael P. Dunn Esq.*
     Michael P. Dunn, Esq.
     FL Bar No. 100705

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113C-1<br>Case 17-22502-AJC<br>Southern District of Florida<br>Miami<br>Fri Mar 30 12:21:56 EDT 2018 | Cab East LLC<br>c/o Gerard M. Kouri, Jr., Esq.<br>5311 King Arthur Avenue<br>Davie, FL 33331-3340 | Oceanside Mortgage<br>500 South Broad St Suite #100A<br>Meriden, CT 06450-6755 |
| The Money Source, Inc.<br>c/o Rachel L Ahlum<br>3575 Piedmont Rd, N.E. #500<br>Atlanta, GA 30305-1623 | American Airlines FCU<br>PO Box 619001<br>MD 2100<br>DFW Airport, TX 75261-9001 | Barclays Bank Delaware<br>100 S West St<br>Wilmington, DE 19801-5015 |
| Capital One<br>Attn: Bankruptcy<br>PO Box 30253<br>Salt Lake City, UT 84130-0253 | Citicards Cbna<br>Citicorp Credit Svc/Centralized Bankrupt<br>PO Box 790040<br>Saint Louis, MO 63179-0040 | Discover Bank<br>Discover Products Inc<br>PO Box 3025<br>New Albany, OH  43054-3025 |
| Discover Financial<br>PO Box 3025<br>New Albany, OH 43054-3025 | Fannie Mae Mortgage Loan Company<br>c/o Timothy J. Mayopoulos, CEO<br>3900 Wisconsin Avenue, NW<br>Washington, DC 20016-2892 | Freddie Mac Mortgage Loan Company<br>c/o Donald H. Layton, CEO<br>8200 Jones Branch Dr.<br>McLean, VA 22102-3110 |
| Honorable Jeff Sessions<br>Attorney General of the United States<br>Dept of Justice #4400<br>950 Pennsylvania Ave NW<br>Washington, DC 20530-0009 | Honorable Preet Bharara<br>US Attorney for Southern District<br>99 NE 4 St<br>Miami, Fl 33132-2131 | Internal Revenue Service<br>Centralized Insolvency Operation<br>POB 7346<br>Philadelphia, PA 19101-7346 |
| JC Penney/Gemb (verified)<br>Attn: Bky<br>POB 103104<br>Roswell, GA 30076-9104 | Lending Club Corp<br>71 Stevenson St<br>Suite 300<br>San Francisco, CA 94105-2985 | Macy's (verified)<br>Attn: Bky<br>POB 8053<br>Mason, OH 45040-8053 |
| Oceanside Mortgage Co<br>425 Phillips Bv<br>Ewing, NJ 08618-1430 | Office of the US Trustee<br>51 S.W. 1st Ave.<br>Suite 1204<br>Miami, FL 33130-1614 | Real Time Resolutions<br>Attn: Bankruptcy<br>POB 36655<br>Dallas, TX 75235-1655 |
| Villas of Madeira HOA, Inc<br>13250 SW 135th Ave<br>Miami, FL 33186-6489 | Walmart/Gemb (verified)<br>Attn: Bky<br>POB 103104<br>Roswell, GA 30076-9104 | Marcia T Dunn<br>555 NE 15 St, Ste 934-A<br>Miami, FL 33132-1465 |
| Oscar Izquierdo<br>635 SW 93 Ct<br>Miami, FL 33174-2262 | Patrick L Cordero Esq<br>7333 Coral Way<br>Miami, FL 33155-1402 | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)Miami    (u)Lincoln Automotive Financial Services    End of Label Matrix
Mailable recipients    25
Bypassed recipients     2
Total                  27