
EXHIBIT "A"

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

OSCAR IZQUIERDO,   Case No. 17-22502-AJC
                  Chapter 7
    Debtor.
_____/

## STIPULATION TO COMPROMISE CONTROVERSY

**THIS STIPULATION** (the "Stipulation") is entered into between Marcia T. Dunn, Chapter 7 Trustee (the "Trustee"), and OSCAR IZQUIERDO (the "Debtor") on this 20th day of March, 2018:

WHEREAS, the Debtor filed a voluntary petition under Chapter 7 of Title 11 of the United States Bankruptcy Code on October 16, 2017 (the "Petition Date");

WHEREAS, the Debtor's § 341 Meeting of Creditors (the "341 Meeting") was held and concluded on November 16, 2017, and Marcia T. Dunn is the duly appointed and acting Chapter 7 Trustee of the Debtor's bankruptcy estate (the "Estate");

WHEREAS, on **Schedule A/B, Item 6,** the Debtor lists Household Goods and Furnishings, valued at $2,490.00 (the "Household Goods"), which the Trustee believes to be undervalued and over-exempt, and the Trustee has asserted the Estate's interest in the Household Goods;

WHEREAS, on **Schedule A/B, Item 7,** the Debtor lists Electronics valued at $620.00 (the "Household Goods"), which the Trustee believes to be undervalued and over-exempt, and the Trustee has asserted the Estate's interest in the Electronics;

WHEREAS, on **Schedule A/B, Item 33,** the Debtor lists an interest in a claim against a third-party in relation to an automobile accident, valued at $2.00 (the "Accident Claim"), which the Trustee believes to be undervalued and over-exempt, and the Trustee has asserted the Estate's interest in the Accident Claim;

WHEREAS, the Trustee believes that the Debtor is entitled to a 2017 tax refund of approximately $1,831.00 (the "Tax Refund"), and the Trustee has asserted the Estate's interest in the Tax Refund;

WHEREAS, the Household Goods, Electronics, the Accident Claim, and the Tax Refund are collectively referred to herein as the "Property";

WHEREAS, based on the Debtor's testimony during the § 341 Meeting and a review of the

documents provided to the Trustee and other relevant information, and the Trustee's investigation to date, the Trustee asserts that a portion of the Property may be undervalued and in excess of the allowed exemptions;

WHEREAS, the Debtor denies and/or disputes some of the allegations noted above;

WHEREAS, in an effort to avoid the high cost and uncertainties of litigation, the parties desire to settle all the matters in this case; and

WHEREAS, the parties desire to set forth herein the terms and conditions of their settlement.

NOW, THEREFORE, in consideration of the mutual promises of the parties contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged by the parties, the parties agree to the following:

1. The Debtor shall pay the Trustee a total sum of **$2,700.00 (Two Thousand, Seven Hundred and 00/100 Dollars)** (the "Settlement Amount")[1], to be paid as a lump sum on or before May 1, 2018.

2. The settlement payments will be by cashier's check or money order made payable to the order of "Marcia T. Dunn, Trustee" and mailed to the Trustee's office at 555 N.E. 15th Street, Suite 934-A, Miami, FL 33132. The cashier's check or money order should clearly state the name of the Debtor and the Debtor's case number.

3. As part of this Stipulation, the Debtor represents and warrants that: (1) all information contained in the Debtor's Bankruptcy Petition, Schedules, Statement of Financial Affairs, and all amendments thereto (collectively, the "Pleadings"), is true and correct, (2) the Pleadings contain no misrepresentations or omissions, (3) all information and documentation provided to the Trustee (collectively, the "Documents"), are true and correct and (4) the Documents contain no misrepresentations or omissions. To the extent that the Debtor has failed to disclose any assets, this Stipulation shall not affect the Estate's right to seek turnover of such assets or to avail itself of the remedies provided under the Bankruptcy Code.

4. As part of this Stipulation, the Debtor agrees that the Trustee may file agreed ex-parte motions to extend the Trustee's deadlines to object to the Debtor's claimed exemptions and discharge to ensure that this Settlement is approved before such deadlines expire.

5. If the Debtor complies with all the terms of this Stipulation, Debtor will keep all the real and personal property listed in the Pleadings, unless it was Debtor's intent to surrender such

---

[1] The settlement allocations are as follows: (a) $500.00 is allocated to the Household Goods; (b) $500.00 is allocated to the Electronics; (c) $1,000.00 is allocated to the Accident Claim; and; (d) $700.00 is allocated the Tax Refund.

property.

6. If the Debtor complies with all the terms of this Stipulation, the Trustee will not object to the Debtor's claimed exemptions.

7. If the Debtor complies with all the terms of this Stipulation, the Trustee will not seek turnover of the above-referenced Property.

8. If the Debtor complies with all the terms of this Stipulation, the Trustee will not object to the granting of a discharge to the Debtor.

9. This Stipulation resolves all issues between the Trustee and the Debtor regarding Debtor's over-exempt assets, claimed exemptions and any insiders and third parties for alleged preferential or fraudulent transfers and is a global settlement of all matters between the parties.

10. If the Debtor fails to timely make any of the payments described in Paragraph 1, then after ten (10) days written notice faxed or mailed to the Debtor and the Debtor's counsel, the Trustee would be entitled to file a Motion and request a hearing seeking to revoke the Debtor's bankruptcy discharge without any objection from the Debtor.

11. In the event that the Debtor fails to comply with all the terms of this Stipulation, or should any of the Debtor's representations and warranties contained herein be untrue, then the Trustee may proceed against any and all non-exempt assets of the Debtor for the remainder of the amount due and owing as set forth herein. In addition, the Trustee shall be entitled to interest, which shall accrue at 5% rate, attorneys' fees and costs. Pursuant to the terms stated herein, and the provisions of 11 U.S.C. §727(a)(10), the Debtor agrees to waive any procedural requirements prior to the entry of an order revoking discharge. However, the Debtor's discharge will not be revoked without a hearing.

12. In the event that the Debtor fails to comply with all the terms of this Stipulation, or should any of the Debtor's representations and warranties contained herein be untrue, the Trustee may pursue any and all of the Potential Claims.

13. This Stipulation represents the entire understanding and agreement between the parties hereto with respect to the subject matter hereof and cannot be amended, supplemented or modified except by an instrument in writing signed by the party or parties against whom enforcement of any amendment, supplement or modification is sought. A waiver by a party of any breach of any provision of this Stipulation shall not be construed to be a waiver by any such party of any succeeding breach of such provision or a waiver by such party of any breach of any other provision.

14. The Trustee has accepted this settlement subject to this Court's approval.

15. All parties are represented by counsel or have the opportunity to be represented by counsel and all parties have had an opportunity to seek advice from counsel prior to executing this

Stipulation.

16. Time is of the essence as to all deadlines within this Stipulation.
17. This Stipulation represents the full and complete understanding of the parties.
18. The Trustee believes that this Stipulation is in the best interest of the estate.
19. This Stipulation may be signed in counterparts.
20. The Bankruptcy Court will retain jurisdiction to enforce the terms of this Stipulation.

_____  3/29/18
OSCAR IZQUIERDO                    DATE
DEBTOR
635 SW 93 Ct.
Miami, FL 33174

_____  3/29/18
AIMEE MELICH, ESQ.                 DATE
DEBTOR'S COUNSEL

_____  3/29/18
MARCIA T. DUNN                     DATE
TRUSTEE